UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ADRIAN M. WHITE, ) | |
| ) | Case No. 3:20-cv-378 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| NORTHWEST CORRECTIONAL ) | |
| COMPLEX, BURT BOYD, ANDREWS, ) | |
| and E. WALKER, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's pro se prisoner's complaint under 42 U.S.C. § 1983 (Doc. 4) and motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the documents in support of Plaintiff's motion for leave to proceed *in forma pauperis* that he lacks sufficient financial resources to pay the filing fee. (*See* Doc. 2.) Accordingly, pursuant to 28 U.S.C. § 1915, his motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate at the Northeast Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C. §§ 1915(b)(1)(A)–(B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.  The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Plaintiff's Allegations

At approximately 7:00 a.m. on August 20, 2019, Plaintiff was walking through the main yard at the Northeast Correctional Complex ("NECX") when a close-custody inmate stabbed him in the back three times.  (Doc. 4, at 4–5.)  Plaintiff attempted to defend himself and was aided by two other inmates.  (*Id*. at 4.)  Despite their efforts, however, Plaintiff was injured and was transported to a free-world hospital for treatment.  (*Id*.)  Plaintiff maintains that no officers protected him, and that no officer was escorting the close-custody inmate when the altercation occurred.  (*Id*. at 6.)  He seeks monetary damages against Defendants in their official capacities for their alleged failure to fulfill their duty to protect him from harm.  (*Id*.)

### B. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

for relief, or are against a defendant who is immune.  *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

**C.  Analysis**

*i.  Claims Against NECX*

The Court finds that NECX, a state prison within the Tennessee Department of Correction ("TDOC"), is not subject to suit under § 1983, as a building is not a "person" under

3

the law. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 68, 65–71 (1989); *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006). Accordingly, NECX will be **DISMISSED** from this action.

### ii. *Claims Against Remaining Defendants*

Plaintiff has sued the remaining Defendants, who serve as Wardens at NECX, in their official capacities only. (*See* Doc. 4, at 2–3.) A suit against these officers is their official capacities is the equivalent of suit against TDOC, the entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (noting in an official-capacity suit, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent").

The Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated the sovereign immunity of the state or entity or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979). Tennessee has not waived its immunity. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). TDOC is an agency of the State of Tennessee and, as such, it and its employees sued in their official capacities are entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Accordingly, Plaintiff's claims for damages against Defendants are barred by the Eleventh Amendment. *See Berndt*, 796 F.2d at 881. Therefore, Petitioner's claims against Defendants will be **DISMISSED**.[1]

---

[1] Although Plaintiff does not allege that any Defendant is liable in his or her individual capacity, his complaint seeks liability against officials based on their administrative roles. The Court

4

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

notes that the Sixth Circuit has held that government officials may be individually liable under § 1983 for a failure to supervise only if they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff's complaint is bereft of any such allegations against Defendants Boyd, Andrews, or Walker, and, therefore, the complaint would not otherwise survive an individual-capacity analysis.